CONNOR v. ACME ENGINEERING & CONTRACTING CO.

(Supreme Court, Appellate Division, Third Department.   December 28, 1911.)

1. MASTER AND SERVANT (§ 252*)—INJURIES TO SERVANT—ACTION—NOTICE—SIGNATURE—"SIGNED."

An injured employé gave a notice under the employer's liability act (Consol. Laws 1909, c. 31, §§ 200–204), which stated that the undersigned gave notice, etc., and, after stating the accident and its causes, demanded that $10,000 be paid to his attorney, whose name and address were given. The notice consisted of two typewritten pages and a cover, on which a printed form of verification had been filled out and signed by the claimant. *Held*, that the verification was properly a part of the notice, and hence that the notice was "signed" within the meaning of the employer's liability act.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 806; Dec. Dig. § 252.*

For other definitions, see Words and Phrases, vol. 7, pp. 6508–6512.]

2. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—ACTION—QUESTION FOR JURY—GUARDING DANGEROUS MACHINERY.

On evidence in an action for personal injuries under the employer's liability act, *held*, that the question whether a set pin on a shaft of a centrifugal pump was properly guarded, as required by Labor Law (Consol. Laws, c. 31) § 81, was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1028; Dec. Dig. § 286.*]

Appeal from Trial Term, Schenectady County.

Action by John Connor against the Acme Engineering & Contracting Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, SEWELL, and BETTS, JJ.

James J. Barry (James A. Leary, of counsel), for appellant.
Catlin & Turner, for respondent.

JOHN M. KELLOGG, J.   The plaintiff, while in the defendant's employ, was running a centrifugal pump, and it was necessary for him several times a day to oil it while in motion.   To put oil in the lubricator it was necessary to climb on top of the pump.   A steel set pin, which connects the piston with the shaft, projected about two inches and was unguarded.   Plaintiff had oiled the pump, and in getting down from it was hit by this set pin and injured.   The light was not good, and the shaft was revolving rapidly, and when in that motion the pin could not be seen.

The complaint alleged, among other things, that the plaintiff's foot was caught by the set pin or plug which formed a part of the piston rod from the crank shaft of the centrifugal pump, and a failure to cover or protect the wheels, gearing, set pin, and other dangerous parts of the machinery on and about the centrifugal pump.   A notice under the employer's liability act was served, containing, among other things, substantially the same allegation.

[1] The court granted the motion for nonsuit, holding that the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

notice served was not signed by the plaintiff, and could not, therefore, be considered; that the plaintiff must rely upon a common-law liability, and had failed to establish one. The notice served was entitled, "Supreme Court. John Connor v. The Acme Engineering and Contracting Company"—and stated that the undersigned gives notice, etc., and, after stating the accident and its causes, demanded that $10,000 be paid to his attorney, James J. Barry, 469 State street, Schenectady. The notice was typewritten upon two pages of typewriting paper. The demand occurred at the end of the typewritten part, at about the middle of the second page. The cover, such as is often used by attorneys, was attached to the two sheets, and held them together. On the first page of the cover was a printed form of verification, which was filled out and signed by John Connor, the claimant, and sworn to by him. Upon the back of the cover was the filing:

"Supreme Court. John Connor vs. The Acme Engineering and Contracting Company. Notice of Injury. James J. Barry, Attorney for John Connor, 469 State St., Schenectady."

If the notice is insufficient, because not signed, it arises from the fact that the verification was added to the notice and signed by the claimant. I think the verification is properly a part of the notice, and the notice was signed, within the fair meaning of the act. The plaintiff was therefore entitled to have his action treated as one under the employer's liability act.

[2] From the position of the set pin and the duty of the operator of the pump frequently to climb upon it in close proximity to this pin while the pump was in rapid motion, a fair question was presented for the jury whether or not the pin was properly guarded within section 81 of the labor law, and whether the defendant had used reasonable care to make the place in which the plaintiff was required to perform his work reasonably safe.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.